**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Katherine V. McFee,
Michael McFee, and Amy McFee,
Plaintiffs Below, Petitioners

**vs.) No. 20-0529** (Wirt County 17-C-9)

Carole E. Kirby and
Susan Kirby,
Defendants Below, Respondents

**MEMORANDUM DECISION**

Petitioners Katherine V. McFee, Michael McFee, and Amy McFee ("the McFees"), by counsel R. Vance Golden III, appeal the order of the Circuit Court of Wirt County, entered on June 23, 2020, granting respondents' motion for summary judgment. Respondents Carole E. Kirby and Susan Kirby ("the Kirbys") appear by counsel Orton A. Jones.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Kirbys own 45 landlocked acres of land adjacent to 93 ½ acres of land owned by the McFees in Wirt County. Both lands derive from 3,400 acres recorded by deed in 1853, with subsequent deeds creating what is now the Kirby land. There is no grant or reservation of a right-of-way to the Kirby land over the McFee land in the chain of title, but the predominant roadway connecting the Kirby land to the nearest public road crosses the McFee land. The Kirbys have used this roadway to access their property since 1960 when Mildred Kirby, now deceased, purchased the Kirby land. Katherine McFee purchased the McFee land in 1968. In March of 2017, Mr. McFee blocked the roadway with an earthen wall created with a bulldozer. A month later, he removed a metal culvert that allowed for a small-stream roadway crossing. Without roadway access, the Kirbys were unable to access the public road without walking approximately three-quarters of a mile.

The Kirbys filed a complaint seeking injunctive relief in June of 2017, and, with little evidentiary development, the parties filed cross-motions for summary judgment late that year. By

order entered on June 23, 2020, the circuit court found that there was no genuine issue of material fact, and the Kirbys had established both a prescriptive easement and an easement by necessity. On appeal, the McFees challenge the circuit court's order with seven assignments of error. They assert that: 1) there are genuine issues of material fact and law; 2) the circuit court erred in granting summary judgment on the existence of a prescriptive easement; 3) the circuit court relied on facts not supported by "clear and convincing proof[;]" 4) the circuit court improperly shifted the burden of proof to the McFees; 5) the McFees are burdened by the relief because the Kirbys do not contribute to the maintenance of the easement; 6) the McFees were entitled to summary judgment; (7) this matter should be reversed and remanded; and (8) there is plain error in the circuit court's order. Because these assignments of error are before the Court in relation to the circuit court's entry of summary judgment, our review is de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

Preliminarily, we cull the assignments of error obviously lacking merit. The McFees' seventh point is not an assignment of error, but a request for relief. The eighth point is a broad statement for which the McFees offer no supporting argument.[1] These assertions are either not appropriate or not sufficiently developed for our consideration.

The remaining assignments of error challenge the adequacy of the circuit court's consideration of the evidence, and one specifically attacks the circuit court's finding that the Kirbys established a prescriptive easement.[2] We have explained:

> A person claiming a prescriptive easement must prove each of the following: (1) the adverse use of another's land; (2) that the adverse use was continuous and uninterrupted for at least ten years; (3) that the adverse use was actually known to the owner of the land, or so open, notorious and visible that a reasonable owner of the land would have noticed the use; and (4) the reasonably identified starting point, ending point, line, and width of the land that was adversely

---

[1] "The Court may disregard errors that are not adequately supported by specific references to the record on appeal." W. Va. R. App. P. 10(c)(7), in part.

[2] The McFees disagree with the circuit court's fact-finding generally but offer no similar assignment of error concerning the circuit court's finding that the Kirbys established the requirements for an easement implied by necessity. Such an easement is proven by four elements:

> (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) at the time of the severance, the easement was strictly necessary for the benefit of either the parcel transferred or the parcel retained; and (4) a continuing necessity for an easement.

Syl. Pt. 4, *Cobb v. Daugherty*, 225 W. Va. 435, 693 S.E.2d 800 (2010), in part**.** The Kirbys needed only to demonstrate entitlement to either a prescriptive easement or an easement by necessity. Because we find no error in the circuit court's analysis, we agree that the Kirbys proved both.

2

used, and the manner or purpose for which the land was adversely used.

Syl. Pt. 1, *O'Dell v. Stegall*, 226 W. Va. 590, 703 S.E.2d 561 (2010).[3]

Relevant to these factors, the McFees challenge the adequacy of the evidence to establish that the Kirbys' use of the roadway was not permissive or that the Kirbys' use of the roadway was known to the McFees. The circuit court studied numerous maps and photographs submitted in support of the Kirbys' petition and determined that they "show[] clearly the absence . . . of a road passable by any ordinary vehicle" other than the road that the Kirbys have used since they purchased their land. The court clarified that in reviewing this documentary evidence, it determined that no alternative road exists. Because there is no other roadway, the circuit court reasonably concluded that the "subject roadway . . . has obviously been the only outlet for [the Kirbys] and its use has been continuous and uninterrupted since 1960." The circuit court further dispelled the McFees' claim that the Kirbys' roadway use was permissive by explaining that the Kirbys built, over a long period of time, a dwelling home on the property. The building of the home, it explained, required many large trucks to pass over the roadway, as evidenced by "an extensive collection of invoices . . . and checks" proffered by the Kirbys. This use was materially different from prior use, the court explained, and this, together with the Kirbys' decision to make a large investment of a home on their land, showed that the Kirbys "were satisfied that they had an absolute easement and right to use this road for all future time and were not acting pursuant to permission." More importantly, the McFees denied any knowledge that the Kirbys made use of the road in this "materially different" manner, thereby demonstrating that the McFees did not give express permission for the roadway's use once the Kirbys began building the home in 1988.

We find the circuit court's explanation of its consideration of the evidence sufficient to establish that there is no genuine issue of material fact. The circuit court made its determination based on a thorough review of documentary evidence that the McFees failed to rebut. We note, crucially, that the McFees' arguments suppose the existence of another road, which they alternatively suggest that the Kirbys chose not to use or used secretly. As the circuit court explained, however, an affidavit from another Kirby neighbor and an affidavit from a consulting engineer established that there are no usable routes available to the Kirbys, and no possibility of creating a different usable route. The Kirbys have used the subject roadway openly and without express permission since 1960. Accordingly, based on the foregoing, we conclude that the circuit court did not err in its evaluation of the evidence presented.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 23, 2021

---

[3] In one assignment of error, the McFees argue that they are burdened by the Kirbys' use of the roadway because the Kirbys do not contribute to the maintenance of the roadway. Contribution is not a factor that must be proved to establish the existence of either a prescriptive easement or an easement implied by necessity.

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice Tim Armstead